UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROLAND L. ALFRED, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:08CV00623AGF |
| TROY STEELE, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Petition will be denied.

### **Background**

Over the course of a few days in June and July 2002, Petitioner robbed four 7-Eleven stores and attempted to rob a fifth. Resp. Exh. C at 5-7. All of the stores were located on the south side of St. Louis City, and the robberies took place between the hours of midnight and 5:00 a.m. In each of the successful robberies, the robber first asked for a pack of cigarettes. During the course of the robberies, Petitioner brandished the wooden handle of a gun. Id.

Petitioner was indicted on four counts of first-degree robbery, one count of armed criminal action, and one count of attempted first degree robbery. Id. at 5. After a three-day trial, Petitioner was convicted by a jury on all counts. Resp. Exhs. B at 7, D at 1-2. The trial

court sentenced Petitioner to concurrent terms of thirty years' imprisonment for each count of first-degree robbery, seven years' imprisonment for attempted robbery, and thirty years' imprisonment for armed criminal action. Id. at 2. Petitioner appealed, and the Missouri Court of Appeals affirmed. Id.

Petitioner filed a pro se Rule 29.15 motion for post-conviction relief. Id. The court subsequently appointed counsel, and counsel filed a superseding amended motion with a request for an evidentiary hearing. Id. The amended motion raised three grounds for relief. Id. Petitioner alleged that his trial counsel was ineffective for failing to file a motion to sever and for failing to request a mistrial after the jury saw him in restraints. Id. Petitioner further alleged that an actual conflict of interest existed between himself and trial counsel because of counsel's lack of preparedness and unwillingness to file motions on Petitioner's behalf. Id.; Resp. Exh. A at 22. The trial court denied the motion without holding an evidentiary hearing. Resp. Exh. A at 45-52.

Petitioner appealed, raising the same grounds for relief. Resp. Exh. B at 11-14. As to Petitioner's first point, the Missouri Court of Appeals found that the charges were properly joined, that a motion to sever would properly have been denied, and that counsel could not have been ineffective for failing to file a meritless motion. Resp. Exh. D at 4-7. As to Petitioner's second point, the court first noted that Petitioner had raised the issue of being seen in shackles before the trial court and had argued on direct appeal that the trial court plainly erred for not sua sponte granting him a mistrial after he complained about it. Id. at 7. The court then found that Petitioner was merely restating the issue as a claim for

ineffective assistance of counsel, which is not permitted in Missouri post-conviction proceedings. Id. The court, however, went on to review the claim to determine whether Petitioner demonstrated substantial prejudice such that the trial cannot have been relied on as having produced a just result. Id. at 8. The court then found that Petitioner failed to demonstrate prejudice because the issue was raised before the trial court and because, the issue being meritless under state law, counsel cannot have been ineffective for failing to move for a mistrial. Id. at 8-9. Finally, as to Petitioner's last point, the court found that Petitioner failed to demonstrate prejudice because he had not pled any facts demonstrating an actual conflict between himself and trial counsel. Id. at 10.

Petitioner is incarcerated at Potosi Correctional Center. The current warden of PCC is Troy Steele.

**Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Trial counsel was ineffective for failing to file a motion to sever the counts of first-degree robbery.

2. Trial counsel was ineffective for failing to request a mistrial after the jury saw him in restraints while he waited outside the courtroom.

3. There was an actual conflict of interest between Petitioner and trial counsel because of trial counsel's unpreparedness and unwillingness to file motions on Petitioner's behalf.

Respondent asserts that Petitioner's claims fail on the merits, and that the second and third grounds are defaulted because those claims were resolved against Petitioner based on his failure to plead facts sufficiently in his Rule 29.15 motion.

## Standard

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**Discussion**

1. <u>Ground One</u>

In ground one, Petitioner argues that trial counsel was ineffective for failing to file a motion to sever the counts of first-degree robbery. During voir dire, five potential jurors said that because Petitioner was charged with multiple counts of the same crime, they would have been more likely to think that he was guilty. And although these veniremembers were struck for cause, Petitioner believes they tainted the jury. Petitioner also argues that weaker identifications of him on some counts were "buoyed" by stronger identifications of him on other counts, confusing the jury. Petitioner contends that he was prejudiced because, had the counts been severed, he would have been acquitted of at least two of the six counts.

To prevail on a claim of ineffective assistance of counsel in the state courts, a defendant must show that counsel's performance was both deficient and prejudicial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). But to prevail on an ineffective assistance of counsel claim in a § 2254 case, a petitioner

> must do more than show that he would have satisfied <u>Strickland</u>'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly. Rather, he must show that the [state court] applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner.

<u>Bell v. Cone</u>, 535 U.S. 685, 698-99 (2002).

Under Missouri law, a determination regarding severance is a two-step process. First, the court must determine whether the offenses were properly joined. If joinder is proper, a

court may still grant severance "upon a particularized showing of substantial prejudice." State v. Tobias, 873 S.W.2d 650, 653 (Mo. App. 1994)

The motion court noted that under state law the counts were properly joined. Under Missouri law, "[j]oinder is proper where . . . the offenses were of the same or similar character and the offenses based on these acts were connected or constituted part of a common scheme or plan." Resp. Exh. A at 48. The court held that "the offenses were of the same or similar character and the offenses based on these acts here connected or constituted part of a common scheme or plan," further noting that they "were of similar character and close in time." Id. The record well supports this conclusion.

The motion court further held that it would have denied a motion to sever had one been filed. The court noted that "the evidence was not complex and the trier of fact could easily distinguish the evidence and apply the law to each offense." Id. As such, the court found that counsel could not have been ineffective for failing to file a meritless motion.

The Missouri Court of Appeals affirmed. The appellate court found joinder was proper, and that Petitioner did not make a particularized showing of prejudice necessary to support a need to sever.

> Here, the charged offenses were properly joined because they were of the "same or similar character." Movant was charged with first-degree robbery and attempted first-degree robbery for five instances when he robbed, or attempted to rob, a number of 7-11 stores. Movant committed three out of the four charged robberies, plus the attempted robbery, within a forty-eight hour time period. Each instance occurred between midnight and 5:00 a.m. The stores are all located on the south side of the City of St. Louis. Movant committed two of the robberies at the same store on Morganford. In each of the successful robberies, Movant first asked for a pack of cigarettes prior to

announcing he was robbing the store. And, in each of the successful robberies, Movant showed or indicated to the store clerk that he had a gun by putting his hand in his shirt or pocket and grabbing or showing the handle of a gun. These tactics are sufficiently comparable to be of the same or similar character. Therefore, joinder was appropriate. *See also, State v. Woodson*, 140 S.W.3d 621, 626 (Mo. App. S.D. 2004). We need not find that there was a common plan or scheme with respect to joinder of the counts because joinder is proper if any one of the criteria in the joinder statute exists. [*State v. Warren,* 141 S.W.3d 478, 487 (Mo.App. E.D. 2004)].

Even if joinder is proper, the trial court may sever the charges. Section 545.885.2; Rule 24.07; [*State v. Morrow*, 968 S.W.2d 100, 109 (Mo.banc 1998)]. Severance is proper, however, only if the defendant makes a particularized showing that he will suffer substantial prejudice if the offenses are not tried separately and the court finds the existence of bias or discrimination requiring separate trial of the offenses. Rule 24.07; *Morrow*, 968 S.W.2d at 109. Substantial prejudice is defined as "a bias or discrimination against the defendant or the state which is actually existing or real and not one which is merely imaginary, illusionary or nominal." Section 545.885.2. "The decision regarding severance is left to the sound discretion of the trial court." *Morrow*, 968 S.W.2d at 109.

Here, Movant did not make a particularized showing of substantial prejudice. Movant alleged that joinder of the offenses resulted in substantial prejudice to him because "the jury considered evidence of guilt on one day's allegations as evidence of guilt on allegations of events of other days." A general allegation that a jury would likely consider evidence of guilt on one charge as evidence of guilt on another does not meet the requirement of a particularized showing of substantial prejudice. *State v. Simmons*, 158 S.W.3d 901, 909 (Mo.App. S.D. 2005); *State v. Bechhold*, 65 S.W.3d 591, 596-7 (Mo.App. S.D. 2002). Movant's allegation that weaker identifications were buoyed by stronger identifications is purely speculative. Movant also alleges prejudice because five venirepersons tainted the jury panel with their statements that they believed Movant was guilty because he was charged with multiple counts of the same crime. This allegation also is conclusory and wholly speculative. Movant does not state sufficient facts demonstrating a particularized showing of substantial prejudice. Accordingly, any motion to sever would have been meritless. Counsel is not ineffective for failing to file a meritless motion. *See Middleton v. State*, 103 S.W.3d 726, 741 (Mo.banc 2003).

Resp. Exh. D at 5-7.

On review of the record, the court finds that the state courts applied the correct standard to this issue and their determination was reasonable. Joinder was proper under Missouri law. Warren, 141 S.W.3d at 487; see also, United States v. Baez, No. 10-CR-155, 2010 WL 5017836, at *7-8 (E.D. Wis. Nov. 5, 2010) (citing cases), report and recommendation adopted, 2010 WL 4852274 (E.D. Wis. Nov. 26, 2010). Further, the state courts' determination that a motion to sever would have been meritless and would have properly been denied, is also reasonable. As the Eighth Circuit has noted, "the decision to join offenses in a single trial is a matter within the discretion of the trial judge under both Missouri and federal law. That decision may not normally be disturbed on review." Robinson v. Wyrick, 735 F.2d 1091, 1094 (8th Cir. 1984) (citations omitted). "To obtain habeas relief for failure to sever, [Petitioner] must show that the failure to grant severance rendered the trial fundamentally unfair." Wharton-El v. Nix, 38 F.3d 372, 274 (8th Cir. 1994 (internal quotations omitted).

Here, the state courts reasonably determined that there was no prejudicial effect. See Closs v. Leaply, 18 F.3d 574, 577-78 (8th Cir. 1994) (recognizing no prejudicial effect from joinder when the evidence of each crime is simple and distinct, so that the jury can keep the evidence separate during deliberations). Thus, Petitioner has not shown that counsel's performance was either deficient or prejudicial. As a result, the decision of the state courts was not contrary to or an unreasonable application of federal law, nor is it based on an unreasonable determination of the facts.

2. Ground Two

In ground two, Petitioner argues that trial counsel was ineffective for failing to request a mistrial after the jury saw him in restraints while he waited outside the courtroom. Petitioner says he was prejudiced because the shackles made him appear dangerous and destroyed the presumption of innocence to which he was entitled.

The motion court denied this claim, finding that "[a] brief, inadvertent exposure of the jury of a handcuffed defendant while he is being taken from one place to another does not deprive defendant of a fair trial." Resp. Exh. A at 49. Petitioner had made a record of this claim to the trial court. Id. The trial court told Petitioner,

> it was standard procedure for a defendant to be handcuffed going from the courtroom back to the hold cell, that [Petitioner] was not handcuffed in the courtroom, that [Petitioner] was in civilian clothes, and that it happened every day that some jurors see defendant being brought back to the holding cell and that it was not an inflammatory event.

Id. The court further found that Petitioner had failed to demonstrate prejudice because

> the jury understands that some people cannot make bond and that [Petitioner] still had time left on a sentence, and that there are many people who come to trial that have not made bond and the jury does not know that he had three prior convictions and acknowledged that the jury may have seen him in the hall but that it did not see that as a real problem.

Id. at 49-50.

The appellate court noted that Petitioner's claim on direct appeal of plain error, for failing, sua sponte, to grant a mistrial after petitioner informed the court that the jury had seen him in restraints, was not necessarily dispositive of whether counsel was ineffective in failing to preserve the issue for review. Resp. Exh. D at 8. The court then reviewed the

claim to determine whether it fell "'within [the] limited range of cases in which plain error did not exist but substantial prejudice is present because counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" Id. (quoting Boyd v. State, 86 S.W.3d 153, 159 (Mo.App. 2002)).

The appellate court found nothing in the record to show counsel's performance so undermined the functioning of the adversarial process, as the failure to raise the issue did not prevent the trial court from considering the issue, and the trial court, upon consideration, found "no harm from any brief exposure to potential jurors." Id. at 9. As such, any formal motion would have been futile. Further, the court found Petitioner was not claiming that the failure of counsel to preserve the issue affected his right to a fair trial. Id.

Because shackling a defendant during a trial is "inherently prejudicial," Holbrook v. Flynn, 475 U.S. 560, 568 (1986), the Supreme Court has held that "the Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." Deck v. Missouri, 544 U.S. 622, 635 (2005). However, federal courts have consistently held "that brief and inadvertent exposure of [shackled] defendants to jurors is not inherently prejudicial; the defendant must bear the burden of affirmatively demonstrating prejudice." See, e.g., United States v. Robinson, 645 F.2d 616, 617 (8th Cir. 1981) ("far less danger of prejudice arises in a situation where a juror's viewing of a defendant in custody is fleeting and outside the courtroom."); Wilson v. McCarthy, 770 F.2d 1482, 1485-86 (9th Cir. 1985) (concluding that a jury's brief, inadvertent observation of a

defendant in shackles was not sufficient to justify reversal in the absence of an affirmative showing of actual prejudice).

This Court agrees with the state court that Petitioner failed to affirmatively demonstrate prejudice from the brief, inadvertent exposure to the jury. Petitioner's allegations were conclusory and failed to show actual prejudice. The motion court applied the correct standard to this issue, and its decision was not contrary to or an unreasonable application of clearly established federal law. As a result, Petitioner is not entitled to relief on ground two of the Petition.

   3.   Ground Three

In ground three, Petitioner argues that there was an actual conflict of interest between Petitioner and trial counsel because of trial counsel's unpreparedness and unwillingness to file motions on his behalf. Specifically, Petitioner asked counsel to file a motion to sever but counsel refused to do so.

The motion court denied this claim, finding that Petitioner had pled only conclusions, not facts, that a conflict existed or that counsel was not prepared for trial. Resp. Exh. A at 51. In affirming, the Missouri Court of Appeals noted that "[e]ffective assistance of trial counsel is denied when an accused is forced to stand trial with counsel who is in irreconcilable conflict with the client. An actual conflict between the accused and his attorney however, must be rational; it may not be grounded on subjective, unsubstantiated feelings." Resp. Exh. D at 10 (citation omitted). The appellate court then found that Petitioner had failed to demonstrate the existence of an actual, rational conflict. Id.

"A claim for ineffective assistance of counsel arising from a conflict of interest does not require proof of the prejudice component of the Strickland test. Rather, the petitioner can establish a Sixth Amendment violation if he can demonstrate that 'an actual conflict of interest adversely affected his lawyer's performance.'" Johnson v. Norris, 207 F.3d 515, 519 (8th Cir. 2000) (citing Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). To demonstrate an actual conflict under this standard, Petitioner must prove both that his attorney acted under an actual conflict of interest, as opposed to just a potential one, and that the conflict of interest actually affected the adequacy of the representation. Id. (citations omitted).

Petitioner did not show that his counsel acted under an actual conflict of interest. And petitioner failed to demonstrate that a conflict of interest actually affected the adequacy of his demonstration. As is stated above, the state courts found Petitioner's argument regarding severance – the only factual basis asserted in his motion – to be meritless. Petitioner's allegations regarding a conflict of interest were merely conclusory and failed to present any facts showing an actual conflict. The Missouri courts applied the correct law on this claim and their decisions were reasonable. As a result, Petitioner is not entitled to relief on ground three of the Petition.

## Conclusion

For these reasons, Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297

F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue. 28 U.S.C. § 2253.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as <u>Ronald Alfred v. Troy Steele</u>.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 31st day of August, 2011.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE